**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| HARVEST BANK OF MARYLAND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.8:09-cv-00176-RWT |
| ) | |
| COUNTRYWIDE HOME LOANS, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF HARVEST BANK OF MARYLAND'S MOTION FOR LEAVE**
**TO DEPOSE CORPORATE REPRESENTATIVES**

NOW COMES Plaintiff HarVest Bank of Maryland, by and through undersigned counsel, and hereby files this Motion for Leave to Depose Corporate Representatives, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as follows:

1.   This case involves extensive document production regarding HarVest Bank of Maryland's claims, as set forth in the Third Amended Complaint, principally that the Defendant sold residential mortgage loans which breached certain representations and warranties in the purchase and servicing agreement executed by the parties in March 2006.  Fact witness discovery closes on April 30, 2010.

2.   On November 24, 2009, HarVest Bank of Maryland served its First Notice of Deposition pursuant to Rule 30(b)(6).  See Exhibit A ("First Notice").  In the First Notice, HarVest Bank of Maryland requested corporate representatives on seven topics. The Defendant did not produce witnesses on any of the seven topics until, respectively, February 2-4, 2010; April 6-7, 2010; and April 13, 2010.

3. There have been several issues and problems with the witnesses the Defendant designated as corporate representatives. First, between the dates of November 24, 2009 and April 13, 2010, and indeed continuing through the date of today's filing, the Defendant has produced piecemeal documents and information relevant to the 30(b)(6) depositions, all of which is responsive to discovery served on the Defendant beginning in April 2009. As a result, counsel was forced to depose the corporate witnesses without material portions of the documents and information necessary to depose the 30(b)(6) witnesses effectively. Counsel for HarVest Bank of Maryland specifically indicated on the record that the corporate depositions would have to remain open until full document production could be made by the Defendant. Second, the corporate representative designated for topics to be addressed on February 4, 2010 and April 13, 2010, was not reasonably knowledgeable on the topics for which he was designated. Counsel for HarVest Bank of Maryland also specifically indicated on the record that HarVest Bank of Maryland reserves the right to request that the proper corporate witnesses be designated who are reasonably knowledgeable on the topics set forth in the First Notice.

4. On March 30, 2010, even though full document production still has not been made by the Defendant, and in light of the close of fact discovery on April 30, 2010, counsel served a Second Notice of Deposition pursuant to Rule 30(b)(6). <u>See</u> Exhibit B ("Second Notice"). In the Second Notice, HarVest Bank of Maryland requested corporate representatives on six topics. One of the six topics repeats a topic from the First Notice, for which the Defendant failed to produce a reasonably knowledgeable corporate representative. The remaining five topics address areas of

inquiry raised from the previous 30(b)(6) witness testimony and from documents produced <u>after</u> the 30(b)(6) witnesses were deposed pursuant to the First Notice.

    5.    The Defendant has refused to produce witnesses to the Second Notice. <u>See</u> Exhibit D. The Defendant claims, *inter alia*, that the Second Notice is designed to harass because of the previous witnesses who have been produced on the original seven topics and the time they have testified. However, on March 26, 2010, the Defendant served its own Notice of Deposition pursuant to Rule 30(b)(6) in which it requested corporate representatives on <u>fifteen</u> topics. The Defendant furthermore claims that leave of the Court must be obtained before serving a "second" notice of deposition under Rule 30(b)(6). Neither the local rules nor the Federal Rules of Civil Procedure support this position, and at least one court disagrees with the position. <u>Quality Aero Technology, Inc. vs. Telemetrie Elektronik, GMBH</u>, 212 F.R.D. 313, 319 (E.D.N.C. 2002) ("[T]here is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition.").

    6.    Accordingly, for the reasons set forth above as well as in the attached supporting memorandum of law, Plaintiff HarVest Bank of Maryland respectfully requests an order from the Court directing the Defendant to produce witnesses for testimony to <u>both</u> the First and Second Notices for corporate witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff HarVest Bank of Maryland respectfully requests the relief set forth herein, as well as such other relief that the Court deems to be fair, just and proper.

Respectfully submitted,

/s/
Michael R. Carithers, Jr.
**LILES PARKER PLLC**
4400 MacArthur Blvd. NW
Suite 203
Washington, D.C. 20007
Email:  mcarithers@lilesparker.com
Bar No. 27272
Tel.:   (202) 298-8750
Fax:  (202) 337-5804

*Attorneys for Plaintiff HarVest Bank of Maryland*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 20th day of April, 2010, by ECF filing to:

Robert A. Scott, Esq.
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
scottr@ballardspahr.com

Glenn A. Cline, Esq.
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
clineg@ballardspahr.com

                                        /s/
                            Michael R. Carithers, Jr.