**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| HARVEST BANK OF MARYLAND ) ) ) Plaintiff, ) ) v. ) ) COUNTRYWIDE HOME LOANS, INC. ) ) Defendant. ) | Case No.8:09-cv-00176-RWT |

**PLAINTIFF HARVEST BANK OF MARYLAND'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO DEPOSE CORPORATE REPRESENTATIVES**

NOW COMES Plaintiff HarVest Bank of Maryland, by and through counsel, and hereby submits its Memorandum of Law in Support of Motion for Leave to Depose Corporate Representatives pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

### Background

HarVest Bank of Maryland's Third Amended Complaint, filed in September 2009, sets forth allegations of breach of contract, negligence and negligent misrepresentation, principally regarding certain representations and warranties of the origination of mortgage loans purchased by the Plaintiff from the Defendant pursuant to a Mortgage Loan Purchase and Servicing Agreement ("the Agreement") executed in March 2006. From the period of March 2006 through November 2007, HarVest Bank of Maryland purchased ninety-four mortgage loans secured by homes in Maryland.  These loans were originated from December 2005 through October 2006.  HarVest Bank of

1

Maryland seeks recoupment of the damages flowing from these breaches, and/or implementation of a repurchase remedy provided in the Agreement.

Beginning in April 2009, HarVest Bank of Maryland served written discovery and document requests on the Defendant. From that time until the present, the Defendant has produced piecemeal documents and information, often producing such materials after numerous letters and e-mails have been submitted complaining about the slow production. At present, one prior motion to compel filed by HarVest Bank of Maryland concerning Defendant's failure to produce is pending before the Court.

On November 24, 2009, HarVest Bank of Maryland served its First Notice of Deposition pursuant to Rule 30(b)(6). See Exhibit A ("First Notice"). In the First Notice, HarVest Bank of Maryland requested corporate representatives on seven topics. The Defendant did not produce witnesses on any of the seven topics until February 2-4, 2010; April 6-7, 2010; and April 13, 2010.

There have been several issues and problems with the witnesses the Defendant designated as corporate representatives. First, between the dates of November 24, 2009 and April 13, 2010, and indeed continuing through the date of today's filing, the Defendant has produced piecemeal documents and information relevant to the 30(b)(6) depositions, all of which is responsive to discovery served on the Defendant beginning in April 2009. Importantly, Defendant did not begin its production of e-mails until December, 2009, and has not yet completed that production. As a result, counsel was forced to depose the corporate representatives without material portions of the documents and information necessary to depose the 30(b)(6) witnesses effectively. Counsel for HarVest Bank of Maryland specifically indicated on the record that the

corporate depositions would have to remain open until full document production could be made by the Defendant. Second, the corporate representative designated for topics to be addressed on February 4, 2010 and April 13, 2010, was not reasonably knowledgeable on the topics for which he was designated. Defendant indicated that this witness would serve as the corporate designee on topics including the negotiation and execution of the Agreement at the center of this dispute, as well as communications between the parties; yet the witness was not able to provide reasonably sufficient testimony on either of these two topics.[1] Counsel for HarVest Bank of Maryland also specifically indicated on the record that HarVest Bank of Maryland reserves the right to request that the proper corporate representative be designated who are reasonably knowledgeable on the topics set forth in the First Notice.

On March 30, 2010, even though full document production still has not been made by the Defendant, and in light of the close of fact discovery on April 30, 2010, counsel served a Second Notice of Deposition pursuant to Rule 30(b)(6). See Exhibit B ("Second Notice"). In the Second Notice, HarVest Bank of Maryland requested corporate representatives on six topics. One of the six topics repeats a topic from the First Notice, for which the Defendant failed to produce a reasonably knowledgeable corporate representative, specifically in regards to the negotiation of the Agreement and related communications. The remaining five topics address areas of inquiry raised from the previous 30(b)(6) witness testimony and from documents produced after the 30(b)(6) witnesses were deposed in February 2010.

---

[1] See Exhibit C, containing excerpts of the testimony of Mr. Adam Gadsby. Mr. Gadsby was designated as a witness on Topics 1 and 2 of the First Notice (Exhibit A), but was not able to provide reasonably sufficient testimony as to communications (Exhibit C, 62-64, 298-304), or the negotiation and execution of the Agreement (Exhibit C, 107-118).

3

As set forth below, the Defendant has refused to produce corporate witnesses in response to the Second Notice. HarVest Bank of Maryland respectfully submits that there is no basis for the Defendant's refusal, and that HarVest Bank of Maryland should be allowed to complete the corporate depositions indicated above, as well as take additional corporate depositions as set forth in the Second Notice.

## Argument

### A. Rule 30(b)(6) Requires That the Defendant Provide Corporate Representatives on the Topics Specified in the Deposition Notice.

In November 2009, HarVest Bank of Maryland submitted a Notice of Deposition for seven topics. See Exhibit A ("First Notice). The Defendant produced corporate representatives for depositions on the dates of February 2-4, April 6-7, and April 13, 2010. During the depositions of all of these witnesses, it was soon discovered that the Defendant had not produced responsive documents on the topics in question and the depositions could not be properly conducted or concluded.[2] The Defendant remains under the obligations of the First Deposition Notice to produce witnesses on the seven topics originally noted.

In Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006) (emphasis in original), the Fifth Circuit outlined the obligations of the Defendant as follows:

> The deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed…as to the relevant subject matters." "The duty to present and prepare a Rule 30(b)(6) designee goes beyond

---

[2] For example, see the testimony of Mr. Adam Gadsby (Exhibit C, 101-107), Mr. Christian Ingerslev (Exhibit E, 39-44, 154-157, 208-209), and Ms. Kelly Darraugh (Exhibit F, 12-16, 61-67, 87, 94-95, 116-121, 128-131, 175-176, 212-214).

4

>matters personally known to that designee or to matters in which that designee was personally involved." The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."

See also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1146 (10th Cir. 2007)("The law is well-settled that corporations have an 'affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporation's behalf."); Sprint Communications Co. v. Theglobe.com, 236 F.R.D. 524, 528 (D. Kan. 2006) (corporation "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that may give complete, knowledgeable and binding answers on behalf of the corporation").

Here, the Defendant failed under Rule 30(b)(6) to properly designate, prepare and produce corporate witnesses reasonably knowledgeable on the seven topics in the First Deposition Notice. In several areas of the witnesses' testimonies on February 2-4, April 6-7 and April 13, 2010, the Defendant's designated corporate representatives testified that they had no knowledge of the given topic for which they had been designated; had not consulted the appropriate personnel and other sources in order to provide testimony on the given topic; and had not reviewed the appropriate loan files and documents in order to testify on the given topic. In addition, these witnesses revealed that key documents which should have been produced in discovery served one year ago was and is missing from the Defendant's document production, preventing counsel for HarVest Bank of Maryland from questioning these corporate representatives effectively on the relevant issues.

Despite several indications on the records, and subsequent attempts to obtain the missing documents and continue the depositions of the corporate witnesses, the

Defendant has either outright refused to cooperate, or has provided limited information and documents in piecemeal fashion. Accordingly, under the standard above, the Defendant remains under an obligation of the First Notice to produce *and prepare* the appropriate witnesses for corporate depositions.

> **B. Rule 30(b)(6) Does Not Prohibit HarVest Bank of Maryland From Serving A Second Notice on Topics Not Previously Covered by the Prior Corporate Representatives and Revealed by the Testimony of the Prior Corporate Representatives.**

In March 2010, HarVest Bank of Maryland submitted a Second Notice of Deposition for six topics. See Exhibit B ("Second Notice"). The Defendant has outright refused to produce witnesses to this Notice. The Defendant argues, *inter alia*, that the Second Notice is harassing and unduly burdensome because of the previously-submitted (yet not properly responded to) First Notice and because of the time thus far taken for depositions. See Exhibit D ("Objections"). This is a double-edge sword given that the Defendant presumably seeks to take its own 30(b)(6) depositions by submitting double the number of topics submitted by HarVest Bank of Maryland.

Furthermore, the Defendant argues that HarVest Bank of Maryland is required to seek leave of the Court before submitting its Second Notice. In support of this position, the Defendant does not cite any rule or law in this jurisdiction, but one reported decision and two unreported decisions in other jurisdictions on this issue. See Exhibit D. In this regard, the law is clearly not settled on whether leave of the Court is necessary for the Second Notice of Deposition.

For example, in Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH, 212 F.R.D. 313, 318 (E.D.N.C. 2002), the plaintiff in that case served a second notice under Rule 30(b)(6) arguing that the "need for the second notice did not arise 'until after

the [first 30(b)(6)] depositions…." In opposition to the second notice, the defendant there cited the same case cited by the Defendant in this case, Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st Cir. 2001). The Quality Aero court rejected this decision, opining that the case "is properly read as applying only to the specific facts before the Massachusetts court" and that "[t]his court declines to read it for the proposition that leave of court is necessary every time a second 30(b)(6) deposition is sought." 212 F.R.D. at 319. Further, the Quality Aero court provided detailed analysis, finding that "Rule 30(b)(6) depositions are different from depositions of individuals…[and] there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition." Id.

Here, the Second Notice is limited and seeks six topics; one of which, topic number one, repeats topic number two in the First Notice. See Exhibits A and B. The only reason why the topic was repeated is because the corporate witness designated on topic number two in the First Notice testified that he had no knowledge of the information requested in this topic. The additional topics in the Second Notice furthermore have been specified as a direct result of the incomplete testimony of the previous corporate representatives and/or the revelation by these witnesses of key documents which had not been produced, and therefore counsel could not have known about the areas of inquiry when the First Notice was served.

For all the foregoing reasons, the incomplete testimony of the corporate representatives, the incomplete document production, and the lack of rule or law in this jurisdiction supporting the Defendant's intransigence and refusal to cooperate under

Rule 30(b)(6), HarVest Bank of Maryland is entitled to full and complete corporate witness testimony as requested in the First and Second Notice of Deposition.

## Conclusion

For the foregoing reasons, Plaintiff HarVest Bank of Maryland respectfully requests that the Court issue an Order requiring the Defendant to produce corporate witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/
Michael R. Carithers, Jr.
**LILES PARKER PLLC**
4400 MacArthur Blvd. NW
Suite 203
Washington, D.C. 20007
Email: mcarithers@lilesparker.com
Bar No. 27272
Tel.: (202) 298-8750
Fax: (202) 337-5804

*Attorneys for Plaintiff HarVest Bank of Maryland*