# EXHIBIT A

to HarVest Bank of Maryland's
Motion for Leave to Take Corporate Depositions

Plaintiff's Notice of 30(b)(6) Depositions

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| HARVEST BANK OF MARYLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.8:09-cv-00176-RWT |
| | ) | |
| COUNTRYWIDE HOME LOANS, | ) | |
| INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF DEPOSITION

TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6) Plaintiff HarVest Bank of Maryland ("HarVest"), by counsel, will take the deposition upon oral exam of designated representatives of Countrywide Home Loans, Inc. ("Countrywide"), on February 2, 2010, at 10 a.m. at the offices of Plaintiff's Counsel of Record, Liles Parker PLLC, 4400 MacArthur Ave, Suite 203, Washington D.C., 2007.

The deposition will be taken before a notary public or other person authorized to administer the oath. The deposition will be used for purposes of discovery and/or as evidence at trial.

The deposition will continue from day to day until completed.

The person designated as representative of Countrywide shall be knowledgeable about the following subject matters.

1. The Mortgage Loan Purchase and Servicing Agreement (the "Agreement") between Countrywide and HarVest Bank, including its negotiation and execution.

2. Internal and external communications and correspondence, in all forms, initiated or received by Countrywide relating to the Agreement and the portfolio of loans sold by Countrywide to HarVest Bank (the "Portfolio").

3. The servicing of all Defaulted Loans, including, but not limited to, the foreclosure of the loans, sale of the respective properties, and any deficiency collection efforts made by Countrywide, including documents and correspondence related to this topic.

4. The underwriting and origination of the Defaulted Loans, including, without limitation, the asset and income verifications and creditworthiness evaluation of each borrower.

5. Countrywide policies, practices, procedures, and guidelines in effect from the year 2000 to the year 2009 that set out or address policies or procedures to be followed or standards, goals, or requirements to be met by Countrywide, its agents, or persons from whom Countrywide purchases mortgage loans, when servicing residential mortgage loans.

6. Countrywide policies, practices, procedures, and guidelines in effect from the year 2000 to the year 2009 that set out or address policies or procedures to be followed or standards, goals, or requirements to be met by Countrywide, its agents, or persons from whom Countrywide purchases mortgage loans, when underwriting or originating residential mortgage loans.

7. All pleadings filed or served in the lawsuit.

Respectfully Submitted,

Liles Parker, PLLC

By: _____
Michael R. Carithers, Jr.
4400 MacArthur Boulevard, N.W.
Suite 203
Washington, DC  20007
mcarithers@lilesparker.com
Phone: (202) 298-8750
Fax: (202) 337-5804
Counsel for Plaintiff
Bar No. 27272

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Deposition was served via electronic mail and first (1st) class U.S. mail on the 24th day of November, 2009:

Robert A. Scott, Esq.
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, MD 21202

Michael R. Carithers, Jr.