# EXHIBIT D

to HarVest Bank of Maryland's
Motion for Leave to Take Corporate Depositions

Defendant's Objections to Plaintiff's
Second Notice of 30(b)(6) Depositions

# Ballard Spahr
### LLP

300 East Lombard Street, 18th Floor
Baltimore, MD 21202-3268
TEL 410.528.5600
FAX 410.528.5650
www.ballardspahr.com

Robert A. Scott
Direct: 410.528.5527
Fax: 410.528.5650
scottr@ballardspahr.com

April 7, 2010

*Via E-mail and First Class Mail*

Michael R. Carithers, Jr., Esquire
Liles Parker PLLC
4400 MacArthur Blvd. N.W., Suite 203
Washington, D.C. 20007

Re: **Harvest Bank of Maryland v.
Countrywide Home Loans, Inc.
Case No. 8:09-cv-00176-RWT**

Dear Mr. Carithers:

Enclosed is an Objection to Harvest Bank's "Second" Notice of Deposition for 30(b)(6) witnesses of Countrywide Home Loans, Inc.

As set forth in the objection, the "Second" Deposition Notice is invalid as a violation of the Federal Rules of Civil Procedure. You have already had more than 30 hours of testimony with Countrywide's 30(b)(6) designees in response to your original 30(b)(6) notice served in November 24, 2009. My client will not be producing any witnesses in response to the "Second" Deposition Notice.

Sincerely,

Robert A. Scott

RAS/pls
Enclosure

cc: Glenn A. Cline, Esquire

DMEAST #12353977 v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **HARVEST BANK OF MARYLAND** \* | |
| \* | |
| **Plaintiff,** \* | |
| \* | |
| v. \* | CIVIL ACTION NO.: 8:09-cv-00176-RWT |
| \* | |
| **COUNTRYWIDE HOME LOANS, INC.** \* | |
| \* | |
| **Defendant.** \* | |
| \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OBJECTIONS OF DEFENDANT TO
PLAINTIFF'S "SECOND" NOTICE OF DEPOSITION**

Defendant Countrywide Home Loans, Inc. ("Defendant"), by its undersigned attorneys, hereby objects to the "Second" Notice of Deposition (the "Second Deposition Notice") issued by Plaintiff Harvest Bank of Maryland ("Plaintiff") on March 30, 2010, purporting to notice a "second" Rule 30(b)(6) deposition of Defendant and in support states as follows:

1. The Second Deposition Notice purports to require Defendant to produce a corporate designee for a deposition on six subject areas.

2. The Second Deposition Notice is invalid because Plaintiff already issued a Rule 30(b)(6) deposition notice on November 24, 2009 requesting testimony on seven subject areas (the "Original Deposition Notice").

3. In response to the Original Deposition Notice, Defendant produced six separate corporate designees, who were deposed for more than 30 hours by Plaintiff's counsel on February 2, 3 and 4, 2010 and April 6 and 7, 2010.

4.      Absent leave of Court, a second 30(b)(6) deposition of a party is not permitted by the Federal Rules of Civil Procedure. See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) (holding that a second deposition of a corporation pursuant to Rule 30(b)(6) cannot be obtained without leave of court and that a "second Rule 30(b)(6) subpoena . . . without leave of court . . . was invalid"); see also Foreclosure Management Co. v. Asset Management Holdings, LLC, No. 07-2388-DJW, 2008 U.S. Dist. LEXIS 75489, at *8 (D. Kan. Aug. 21, 2008); In re Sulfuric Acid Antitrust Litigation, No. 03 C 4576, 2005 U.S. Dist. LEXIS 17420, at *6 (N.D. Ill. Aug. 19, 2005).

5.      Plaintiff's Second Deposition Notice is an abuse of process, designed purely to harass Defendant with unreasonable and burdensome discovery demands. Plaintiff has already had more than 30 hours of deposition time with Defendant's 30(b)(6) designees. A second deposition is not authorized by the Rules, nor justified by the circumstances of this case.

6.      Defendant further objects to the Second Deposition Notice on the ground that the subject areas on which testimony is sought are overly broad, unduly burdensome, duplicative of previous discovery, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant further objects on the ground that the Second Deposition Notice improperly requires the deponents to "bring with them [to the deposition] any documents necessary to enable them to provide testimony on behalf of Countrywide regarding these matters." Plaintiff's demand that the corporate designees bring

documents with them to the depositions is improper. Responsive non-privileged documents of Defendant have already been produced in this litigation, and are already in the possession of Plaintiff. In addition, the documents sought to be brought to the deposition are not clearly identified, in violation of Fed. R. Civ. P. 30(b)(2), because the deponents cannot know what documents will support their deposition testimony without knowing what questions Plaintiff will ask. Finally, it would be unduly burdensome for the corporate designees to bring tens of thousands of pages of documents to the depositions.

8.  Defendant also objects to the location of the deposition. Plaintiff's deposition notice purports to require the deposition to be held at the Law Offices of Luse Gorman Pomerenk & Schick, at 5335 Wisconsin Avenue, N.W., Suite 780, Washington, DC, 20015. However, the Federal Rules generally require that the deposition of a corporate designee be taken in the district where the corporation's principal place of business is located, which in this case is in California. See, e.g., Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir. 1995).

Respectfully submitted,

_____
Robert A. Scott
Glenn A. Cline
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
(410) 528-5600

*Attorneys for Defendant*

OF COUNSEL:
Martin C. Bryce, Jr., Esquire
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215-665-8500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of April, 2010 a copy of the foregoing Objections of Defendant to Plaintiff's Second Notice of Deposition was sent via e-mail and first-class mail, postage prepaid to:

Michael R. Carithers, Jr.
Bar No. 27272
4400 MacArthur Boulevard, NW, Suite 203
Washington, DC 20007

Attorney for Plaintiff

_____
Robert A. Scott